Eastern District of Kentucky
FILED

JUN 2 3 2010

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 09-218-HRW

CLEO CRESS,                                                                                                 PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed he current application for disability insurance benefits on June 8, 2006, alleging disability beginning on October 4, 2005, due to lower and upper back pain, "leaking heart valve," depression and hearing loss (Tr. 99, 116). This application was denied initially and on reconsideration (Tr. 77-80, 83-85). On September 20, 2007, an administrative hearing was conducted by

Administrative Law Judge Frank Letchworth (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 23-56). At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified (Tr. 56-60).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 17, 2007, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 11-19). Plaintiff was 50 years old at the time of the hearing decision (Tr. 99). He has a high school equivalent education (Tr. 117, 125). His past relevant work experience consists of work as a security guard, farm worker, mechanic helper, supply clerk and cleaner / janitor (Tr. 117, 125).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar spine, obesity, anxiety and depression which he found to be "severe" within the meaning of the Regulations (Tr. 13-14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 14-15).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 17) but determined that he has the residual functional capacity ("RFC") to perform medium work with certain non-exertional limitations as set forth in the hearing decision (Tr. 15-17).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17-18).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 27, 2009 (Tr. 1-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 13 and 14] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ did not properly consider the opinions of Drs. Gregory Dye and Syed Raza. Specifically, Plaintiff argues that these are treating sources and, as such, their opinions are entitled to deference.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Dye, Plaintiff's primary care physician, completed a functional capacity assessment on March 15, 2007 in which he opined that Plaintiff was capable of less than sedentary work (Tr. 393-394). In rejecting these dire limitations, the ALJ first noted that the assessment was not accompanied by any diagnostic or objective testing. Indeed, it appears from the record that Dr. Dye never ordered such tests.

5

The only objective findings in the record pre-date Plaintiff's claim by seven years and reflect only minimal findings.

Further, Dy. Dye's own treatment notes are not consistent with his opinion of extreme functional limitation. His record are devoid of any prescribed restrictions or limitations. With regard to treatment, the record reveals only conservative treatment for mild complaints, such as flu, cold or sinus issues.

Finally, Dr. Dye's opinion is not supported by any other evidence of record. The other physicians who saw Plaintiff for back pain did not suggest restrictions in work or anything other than over-the-counter medication. In fact, at the hearing, Plaintiff testified that the only medication he takes to control his back pain is Aleve (Tr. 39-40). . The "use of only mild medications undercuts complaints of disabling pain." *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990), *citing Kimbrough v. Secretary of Health and Human Services*, 801 F.2d 794 (6th Cir. 1986).

Given the lack of objective evidence in support of Dr. Dye's opinion, this Court finds no error in the ALJ's evaluation of the same.

As for Dr. Raza, he is not a treating source, but, rather, an examining source. He saw Plaintiff on one occasion, on July 22, 2006, in connection with his claim for benefits (Tr. 306). Dr. Raza's opinion of extreme mental limitation is

unaccompanied by notes of treatment, diagnostic testing or bases.

Notwithstanding the lack of support for his opinion, the ALJ did limit Plaintiff to "simple work," which is reflective of Dr. Raza's opinion.

The Court having reviewed the record finds no error in the ALJ's assessment of Dr. Raza's opinion.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 22 day of June, 2010.

_____
Henry R. Wilhoit, Jr., Senior Judge